IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                     CASE NO. 3:25-CR-00004-BSM

LASHAWN DERON HARRIS                                              DEFENDANT

## ORDER

Defendant Lashawn Deron Harris's motion to suppress [Doc. No. 29] is denied.

### I. BACKGROUND

The Arkansas State Police stopped Harris for speeding during the time that the Drug Task Force was investigating him for cocaine and methamphetamine dealing. Doc. No. 35 at 1; Doc. No. 30 at 1. Trooper Tanner Middlecoff's drug dog alerted to narcotics and Middlecoff arrested Harris after finding cocaine and methamphetamine in his car. *Id*. at 2.

Special Agents Daniel Willey and Billy Calderon then applied for a warrant to search Harris's home. *Id*. While sitting outside Harris's home, they called Craighead County Circuit Judge Chris Thyer and drafted an affidavit and search warrant. Doc. No. 35 at 3. The affidavit stated: "Located in the City of Blytheville, in the County of Mississippi, State of AR, there is now being concealed certain property, namely: cocaine, methamphetamine, marijuana, drug paraphernalia used to facilitate the sale of controlled substances; money derived from the sale of controlled substance." Gov. Ex. 1, Doc. No. 35.

Based on the affidavit, Judge Thyer issued the warrant and emailed the affidavit, search warrant, and blank return sheet to the agents. Doc. No. 35 at 3. In the area of the

warrant for the judge to describe the basis for the search. Judge Thyer wrote "see affidavit." Gov. Ex. 2, Doc. No. 35. Judge Thyer did not fill in the area of the warrant describing the items to be searched for. Upon receiving the documents from Judge Thyer, the officers printed the affidavit and search warrant and kept them during the search. Doc. No. 35 at 3. During the search of Harris's home, the officers found methamphetamine, marijuana, scales, baggies, firearms, and ammo. *Id.* The officers left a copy of the warrant inside the home when they completed the search because no one was home during the search. *Id.*

Harris was indicted for (1) possession with intent to distribute methamphetamine; (2) possession with intent to distribute cocaine; (3) possession of firearms in furtherance of a drug trafficking crime; and (4) felon in possession of firearms. *See* Doc. No. 1. He is now moving to suppress evidence seized at his home. The motion is denied without a hearing.

## II. DISCUSSION

The motion to suppress is denied because the warrant adequately satisfies the Fourth Amendment's requirement that it "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

Harris's argument that the warrant violates the Forth Amendment because it fails to sufficiently describe the items to be seized is understandable. The problem for Harris is that "a description in the supporting affidavit can supply the requisite particularity if '(a) the affidavit accompanies the warrant and (b) the warrant uses suitable words of reference' incorporating" the affidavit. *United States v. Curry*, 911 F.2d 72, 77 (8th Cir. 1990).

The affidavit in question described the drugs and money that would be seized. *See* Gov. Ex. 1, Doc. No. 35. The agents also spoke with Judge Thyer before submitting the documents, giving him an opportunity to limit the scope of the search, and Judge Thyer then signed the search warrant *and* the affidavit. *See United States v. Hamilton*, 591 F.3d 1017, 1026 (8th Cir. 2010) ("the magistrate . . . signed the affidavit containing the limiting list of items to be seized, which satisfied the concern . . . that it be clear that the magistrate had an opportunity to restrict the scope of the search."). Moreover, the warrant specifically referred to the affidavit to explain the reason for the warrant. *See United States v. Curry*, 911 F.2d at 77. Although the "items to be searched for" section was left blank, the affidavit, which was already referenced, specifically listed the items. Additionally, the affidavit and the warrant were kept together during the search. *See Groh v. Ramirez*. 540 U.S. 551, 558, 560 (2004) (the incorporated affidavit must accompany the warrant to satisfy the particularity requirement). For these reasons, the warrant satisfies the particularity requirement regarding the items to be searched for and seized.

Finally, the motion to suppress would be denied even if the affidavit were not properly incorporated by reference because nothing indicates the officers's behavior was "the type of deliberate, reckless, or grossly negligent disregard for the Fourth Amendment" that the exclusionary rule was designed to deter. *United States v. Szczerba*, 897 F.3d 929, 939 (8th Cir. 2018). Indeed, the actions of Calderon and Willey were objectively reasonable in light of their knowledge of the relevant events. *United States v. Hamilton*, 591 F.3d at 1029.

3

(objectively reasonable for experienced officer to rely on the warrant as incorporating the list of items to be seized from the affidavit even if the words of incorporation were unclear).

### III. CONCLUSION

For these reasons, Harris's motion to suppress [Doc. No. 29] is denied.

IT IS SO ORDERED this 15th day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE